UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDIE L. HENSLEY, <br> 12933 Vixen Court <br> Bristow, VA 20136 <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON, INC., <br> 601 New Jersey Ave NW #900, <br> Washington, DC 20001, <br><br> and <br><br> AMAZON WEB SERVICES <br> 601 New Jersey Ave NW #900, <br> Washington, DC 20001, <br><br> Defendants. | CIVIL ACTION NO: 1:24-CV-2636 |

**COMPLAINT AND JURY DEMAND**

Brandie Hensley ("Plaintiff"), by and through her attorneys, makes the following allegations and claims in this complaint against her former employer Amazon, Inc. and its subsidiary, Amazon Web Services (collectively "Amazon" or

- 1 -

"Defendants"). The allegations are based upon information and belief, except those specifically pertaining to Plaintiff, which are made upon knowledge.

**PRELIMINARY STATEMENT**

1. Plaintiff is a highly qualified workplace safety engineer that was subjected to unlawful discrimination by her supervisors and termination of her employment on account of her sexual orientation and the fact that she is married to a woman with whom she has children.

2. Amazon was made aware of Plaintiff's concerns as well as a prior instance of discrimination against another gay woman in the same department and involving the same supervisors. Rather than investigate the matter and address Plaintiff's concerns, Amazon chose to close ranks and proceed with the unlawful termination of Plaintiff's employment. Indeed, Amazon declined to provide a substantive response to the EEOC charge filed by Plaintiff and address the concerns about prior acts of discrimination against another gay woman.

3. By this action, Plaintiff hopes to reveal the truth and hold Amazon accountable for its misconduct.

**THE PARTIES**

4. Plaintiff is a gay woman who is married to a woman with whom she has children. Plaintiff has two decades of experience in workplace safety, including mining and construction operations. Plaintiff was formerly employed by

Amazon as a regional safety manager until she was unlawfully terminated for being a gay woman.

5. Amazon, Inc., is one of the largest companies in the world. Through its subsidiary, Amazon Web Services, it provides cloud-based computer services. Amazon and its subsidiary have numerous offices throughout the United States, and maintain head offices in Seattle, Washington and Washington, D.C.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1331 as Plaintiff asserts a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq*.

7. The Court has personal jurisdiction over both Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) and pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq*.

8. Defendant Amazon, Inc. and its subsidiary, Amazon Web Services have a principal place of business in Washington, D.C.

9. Plaintiff worked remotely handling safety issues at various facilities in the mid-Atlantic region.

**PROCEDURAL PREREQUISITES**

10. Plaintiff filed charges with the EEOC on July 25, 2023 which set forth the same allegations contained in this complaint and asserted violations to support

claims under Title VII of the Civil Rights Act for unlawful sexual discrimination and unlawful retaliation for asserting a claim for violation of Title VII. The "right to sue" letter is dated June 14, 2024, and received several days later.

**GENERAL ALLEGATIONS**

11. Amazon has thousands of employees and is in the business of selling cloud computing services through its subsidiary, AWS. As part of this business, AWS maintains and constructs physical locations where the computer hardware (e.g., storage devices and servers) required for this business are located. Plaintiff worked remotely, and her job was to manage workplace safety issues at these various physical locations, which required her to be on-site at various facilities in the mid-Atlantic region.

*Plaintiff Was Exceptionally Well Qualified for the Job.*

12. Plaintiff has more than two decades of experience in workplace safety. She graduated from Columbia Southern University in 1999 with a degree in Health and Safety. After graduation she worked for Alliance Resource Partners, a mining company, for fifteen years, with Plaintiff's last position being Safety Director. She then moved into construction safety, working at Hensel Phelps as a Safety Manager from 2015-2016, then at Turner Construction as a Senior Safety manager from 2016-2017, and finally at Lane Construction as a Projects Area Safety Manager. Handling workplace safety issues in mining and construction

environments is challenging and demanding. When Plaintiff joined Amazon, she was an exceptionally well-qualified hire for the position of Regional Safety Manager to handle safety issues for the various locations where servers are located for Amazon's cloud computing business,

13. Unfortunately, despite her qualifications and excellent work at AWS, Plaintiff was subjected to discrimination and harassment based on her gender, sexual orientation, marital status, and family situation.

14. As a Regional Safety Manager at AWS, Plaintiff\ was required to report to Misty Chatterjee, Rainy Shukla, and Keith Green concerning workplace safety issues. When Plaintiff initially started working at AWS, she did not discuss her sexual orientation or personal life. Plaintiff was not hiding these matters but did not go out of her way to inform co-workers and supervisors about her personal life unless the subject came up organically in a conversation.

***Plaintiff was Repeatedly Subjected to Unlawful Discrimination.***

15. At one point during Plaintiff's employment at AWS, Plaintiff was in a meeting with Ms. Chatterjee, Ms. Shukla, and Mr. Green, and everyone was discussing their weekend plans with their families. In discussing how Plaintiff spent Plaintiff's weekend with Plaintiff's wife and our children, Plaintiff revealed to them that not only was Plaintiff gay, but Plaintiff was also married to a woman, and we had children together. After Plaintiff revealed these matters, there was an

awkward pause in the conversation, and Plaintiff could immediately tell they were uncomfortable with me and Plaintiff's personal life.

16. People who harbor hateful views that denigrate gay people must keep their religious and personal beliefs to themselves in the workplace. Such views and the inevitable discrimination and harassment they engender have no place in a work environment. Unfortunately, Ms. Chatterjee, Ms. Shukla, and Mr. Green's apparent prejudices intruded into the workplace and Plaintiff was repeatedly and regularly subjected to discrimination and harassment based on Plaintiff's gender, sexual orientation, marital status, and family situation.

17. For example, after learning that Plaintiff was gay, married to a woman, and had children with Plaintiff's wife, Ms. Chatterjee, Ms. Shukla, and Mr. Green began to consistently undermine and second-guess Plaintiff's work and judgment on safety issues and also unfairly criticized and reviewed Plaintiff's work. For example, when a man *who reported to Plaintiff* gave a presentation, he received positive reviews and feedback from those persons, but when Plaintiff made a substantially identical presentation, she received negative feedback and unfair criticism.

18. Having one standard for Plaintiff and a different standard for heterosexual men was a constant issue in Plaintiff's interactions with Ms. Chatterjee, Ms. Shukla, and Mr. Green. Plaintiff regularly faced unwarranted

criticism and was treated differently in meetings and day-to-day workplace interactions. As a result, Plaintiff's input and determinations on safety issues were repeatedly dismissed, unfairly criticized, not taken seriously, and second-guessed, simply because they came from her. Unlike other employees, Plaintiff was frequently asked to approve requests by business teams that would cut corners on safety, and Plaintiff's refusal to do so was unfairly viewed as a performance issue. Heterosexual male employees were not put in this position, their opinions were respected, and they were not subjected to second-guessing or retaliation with negative performance reviews.

19. Plaintiff worked for decades dealing with workplace safety in mines and at construction sites, which are far more challenging environments than the server and storage facilities operated by AWS. The work at AWS was not especially difficult for someone with Plaintiff's knowledge and experience. It was absurd for Ms. Chatterjee, Ms. Shukla, and Mr. Green to claim that Plaintiff's performance was deficient. The problem wasn't Plaintiff's work, but the prejudice Plaintiff faced. Indeed, the same work product, when presented by a heterosexual male employee – who reported to Plaintiff -- was treated very differently than that same work product when presented by Plaintiff.

*Plaintiff was Unlawfully Terminated.*

20. This discrimination, harassment, and retaliation ultimately culminated in an unlawful termination in the form of being given the choice of either: (i) participating in an illegitimate and rigged "pivot program" in which Plaintiff had to accomplish unachievable workplace goals to remain at the company and would be judged by the persons subjecting her to discrimination and harassment, or (ii) resigning and accepting some severance pay in exchange for a release of claims. Plaintiff opted to enter the pivot program to buy time to find new employment. Unfortunately, Plaintiff then had to take a brief medical leave of absence because the stress of the discrimination and harassment, coupled with the added stress of the pivot program, caused her to develop stomach ulcers.

*Amazon was Aware of Prior Instances of Discrimination but failed to Investigate or Protect Plaintiff.*

21. While participating in the "pivot program," Plaintiff's attorney formally complained to AWS regarding the discrimination, harassment, and retaliation Plaintiff faced and requested an investigation. Plaintiff's attorney pointed out that Plaintiff was not the first openly gay woman in the field of workplace safety at Amazon to have faced such discrimination and harassment. Specifically, Amazon was informed that La-Chun Lindsay, a former Amazon employee, was also subjected to discrimination and harassment by Ms. Chatterjee

and Ms. Shukla and was eventually compelled to leave Amazon. Like Plaintiff, Ms. Lindsay also had decades of experience in the field, but competence is no match for supervisors who are intent on discriminating against gay women in the field of workplace safety.

22. So far as Plaintiff understands, Amazon took no action in response to the concerns Plaintiff raised, or for that matter, the concerns that may have raised by other gay women working in workplace safety. Further, it appears that Amazon never properly or thoroughly investigated Plaintiff's concerns, as it never contacted Plaintiff's counsel to seek Plaintiff's participation in the investigation or produced any information concerning any prior complaint by Ms. Lindsay in connection with its response to the EEOC charge. Amazon refused to rescind the constructive discharge in the form of the "pivot program," despite being aware of the discrimination claimed by Plaintiff, so Plaintiff opted to accept alternative employment for less money and was also forced to forfeit stock grants from AWS that were based on retention, all of which caused Plaintiff considerable financial harm.

23. Essentially, rather than properly investigate Plaintiff's complaint, Amazon and the employees engaged in the misconduct, closed ranks and continued to proceed with discriminatory conduct and he unlawful termination of Plaintiff's employment.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq*.**

**(Against all Defendants)**

24. Each of the above allegations is incorporated herein.

25. Plaintiff's supervisors at Amazon repeatedly discriminated against Plaintiff based on her gender, sexual orientation, and marital status. Plaintiff was repeatedly held to a higher standard than heterosexual male employees and subjected to unjustified criticism and second guessing. Indeed, the same work product would be praised when presented by a male employee, but subjected to intense criticism when presented by Plaintiff. This discrimination culminated in an unlawful termination when Plaintiff was given the choice of resigning with a small severance package or taking part in an impossible performance improvement program.

26. Despite being aware of Plaintiff's complaints as well as complaints by another gay woman who was employed in workplace safety, Amazon took no action in response to the concerns Plaintiff raised and never properly investigated Plaintiff's concerns. Instead, Amazon retaliated against Plaintiff for having complained by proceeding with the unlawful termination. Indeed, even though Plaintiff presented specific compelling information regarding a prior instance of

discrimination against a gay woman, Amazon refused to meaningfully respond to Plaintiff's EEOC charge.

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages, including lost wages, as well as fear, anxiety, ulcers, and other physical symptoms.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief from this Court:

A. Judgment against the Defendants in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial to the extent recoverable;

B. Pre-judgment interest;

C. Employment or other equitable relief (including, if applicable, front pay);

D. Reasonable attorneys' fees, expenses, and costs of this action; and

E. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 12, 2024      Respectfully submitted,

<div style="margin-left: 3em;">

<u>*s/ Daniel E. Sobelsohn*</u>
THE SOBELSOHN LAW FIRM
Daniel E. Sobelsohn (D.C. Bar 485380)
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel:   (310) 775-0504
Fax:   (310) 861-5205
Email: daniel@sobelsohnlawfirm.com

Attorneys for Plaintiff

</div>